UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NICOLE W., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. C23-5272-MLP <br><br> ORDER |

## I. INTRODUCTION

Plaintiff seeks review of the denial of her applications for Supplemental Security Income and Disability Insurance Benefits. Plaintiff contends the administrative law judge ("ALJ") erred in assessing a medical opinion. (Dkt. # 10 at 1.) As discussed below, the Court AFFIRMS the Commissioner's final decision and DISMISSES the case with prejudice.

## II. BACKGROUND

Plaintiff was born in 1969, has a high school diploma and some college education, and previously worked as an administrative assistant at a naval shipyard. AR at 438, 843, 852. Plaintiff was last gainfully employed in 2014. *Id.* at 48.

In February 2016, Plaintiff applied for benefits, alleging disability as of March 1, 2008. AR at 385-94. Plaintiff's applications were denied initially and on reconsideration, and Plaintiff

ORDER - 1

requested a hearing. *Id*. at 204-28, 230-45. The ALJ conducted a hearing in May 2018 (*id*. at 40-67), and subsequently issued a decision finding Plaintiff not disabled. *Id*. at 177-88.

The Appeals Council granted Plaintiff's request for review and remanded the claim for further administrative proceedings. AR at 197-98. On remand, a different ALJ conducted a hearing on October 2021 (*id*. at 68-117) and issued a decision finding Plaintiff not disabled. *Id*. at 15-31.

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. AR at 1-6. Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 4.)

### III.   LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may

neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id*.

### IV.    DISCUSSION

Psychologist Bruce Duthie, Ph.D., examined Plaintiff in June 2016 and wrote a narrative report describing Plaintiff's mental symptoms and limitations. AR at 754-57. Dr. Duthie opined that Plaintiff would have, *inter alia*, marked limitations in completing simple and complex tasks, and making judgments on simple work-related decisions. *Id*. at 757. Dr. Duthie believed Plaintiff would have extreme difficulty responding appropriately to usual work situations and adapting to change in a routine work setting, and moderate social limitations. *Id*.

The ALJ gave little weight to Dr. Duthie's opinion, finding it inconsistent with the treatment record, which indicates that Plaintiff's mental health stabilized when she complied with her treatment recommendations. AR at 27. The ALJ emphasized that Plaintiff denied any mental health symptoms on many occasions, and although her symptoms flared with situational stressors, she was nonetheless able to complete activities such as traveling, driving, caring for her daughter, and shopping. *Id*.

Where not contradicted by another doctor, a treating or examining doctor's opinion may be rejected only for "'clear and convincing'" reasons.[1] *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)). Where contradicted, a treating or examining doctor's opinion may not be rejected without "'specific and

---

[1] Because Plaintiff applied for benefits before March 27, 2017, the regulations set forth in 20 C.F.R. § 404.1527 and § 416.927 apply to the ALJ's consideration of medical opinions.

ORDER - 3

1  legitimate reasons' supported by substantial evidence in the record for so doing." *Id*. at 830-31

2  (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

3        Plaintiff contends that the ALJ erred in failing to provide legally sufficient reasons to

4  discount Dr. Duthie's opinion. Plaintiff acknowledges that she did not seek mental health

5  treatment during part of the adjudicated period, but emphasizes that she had more than 150

6  therapy appointments documented between 2016 and 2021. (Dkt. # 10 at 4.) Because Plaintiff

7  was seeking treatment at the time of Dr. Duthie's examination and thereafter, Plaintiff contends

8  that her lack of treatment before that point does not undermine Dr. Duthie's opinion. (*Id*.)

9        The Court disagrees. Plaintiff did not reengage with treatment until just a few months

10 before Dr. Duthie's examination (although Dr. Duthie's report does not suggest that he was

11 aware of this timing (AR at 754)), and she failed to appear for multiple counseling sessions just

12 before and after Dr. Duthie's examination. *See id*. at 852-55. As the ALJ explained elsewhere in

13 the decision in unchallenged findings regarding Plaintiff's allegations (*id*. at 24), Plaintiff's

14 condition improved in the months after Dr. Duthie's examination, particularly as her medications

15 were adjusted. *See, e.g.*, *id*. at 878-80. The ALJ acknowledged that Plaintiff's symptoms flared

16 during periods of non-compliance or with situational stressors such as grief with a friend's death

17 and holiday stress, but he found that her symptoms improved with better treatment compliance.

18 *See id*. at 24-26. Notably, Plaintiff did not challenge this part of the ALJ's decision.

19       Because Plaintiff had obtained only limited treatment at the time of Dr. Duthie's

20 examination, the ALJ did not err in finding that Plaintiff's subsequent improvement with

21 treatment undermines Dr. Duthie's opinion of Plaintiff's limitations at the time he rendered his

22 opinion. *See Niemi v. Saul*, 829 F. App'x 831, 833 (9th Cir. Nov. 23, 2020) (affirming an ALJ's

23 rejection of psychological opinions due to claimant's lack of treatment for her mental

ORDER - 4

conditions); *Blacksher v. Berryhill*, 762 F. App'x 372, 374 (9th Cir. Feb. 26, 2019) (holding that the ALJ properly discounted a treating psychologist's opinion due to the claimant's "gaps in treatment"); *Evans v. Berryhill*, 759 F. App'x 606, 608 (9th Cir. Jan. 7, 2019) (affirming an ALJ's rejection of a treating physician's opinion in part because plaintiff "received only sporadic treatment for his condition").

Plaintiff also contends that the ALJ erred in failing to consider why she did not seek or comply with treatment, before discounting Dr. Duthie's opinion on this basis. (Dkt. # 10 at 5.) But the authority Plaintiff cites to support this argument applies to an ALJ's finding that a claimant's allegations (not a medical opinion) are undermined by non-compliance. (*See id.* (citing Social Security Ruling 16-3p, 2017 WL 5180304 (Oct. 25, 2017)).) Plaintiff cites no authority indicating that an ALJ must consider a claimant's reasons for failing to seek or comply with treatment before relying on that failure or non-compliance as a reason to discount a medical opinion, and the Court is not aware of any.

Furthermore, although Plaintiff contends (dkt. # 14 at 2-3) that her symptoms did not entirely resolve even with treatment, and continued to wax and wane, the ALJ did not claim otherwise. The ALJ found that Plaintiff could *inter alia* complete only simple, routine tasks; have no public contact and no coordination with co-workers; have only limited, occasional contact with supervisors; and work in a routine and predictable environment. AR at 19. The ALJ did not suggest that Plaintiff's mental symptoms were entirely alleviated by treatment, as evidenced by the significant limitations he included in the residual functional capacity assessment. Instead, the ALJ noted that there were many years when Plaintiff did not complain of mental health symptoms to her providers or seek mental health treatment, and that her condition improved after she started treatment, although her symptoms flared with medication

non-compliance and/or situational stressors. *Id*. at 23-27. Plaintiff did not assign error to the ALJ's findings that these factors undermined her allegation of disabling mental impairments, and those factors undermine Dr. Duthie's opinion as well.

Because Plaintiff's lack of and/or non-compliance with mental health treatment is a legitimate reason to discount Dr. Duthie's opinion, this line of valid reasoning renders harmless any error in the ALJ's other reason to discount the opinion (Plaintiff's inconsistent activities). Accordingly, the Court affirms the ALJ's assessment of Dr. Duthie's opinion.

## V.  CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED**, and this case is **DISMISSED** with prejudice.

Dated this 28th day of August, 2023.

MICHELLE L. PETERSON
United States Magistrate Judge